Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Russell G. Graham; and Kristen Graham;<br><br>  Plaintiffs,<br><br>v.<br><br>Gurstel Chargo, P.A.;<br><br>  Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiffs seek to recover statutory damages, actual damages, costs and attorney's fees.

**II.  JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue

lies in the Prescott Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiffs reside in Yavapai County, Arizona.
4. Plaintiffs are natural persons who were allegedly obligated to pay a debt.
5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).
6. Defendant Gurstel Chargo, P.A. (hereinafter "Gurstel") is a Minnesota corporation doing business within the State of Arizona as a collection law firm.
7. Gurstel collects or attempts to collect debts owed or asserted to be owed or due another.
8. Gurstel is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

9. Sometime prior to 2009, Plaintiffs incurred a debt through the use of a credit card account with Chase Bank USA, N.A.
10. The Chase credit card was used primarily for personal, family, or household purposes.
11. Plaintiffs subsequently defaulted on the Chase credit card account.
12. Sometime in 2010, Chase hired Gurstel to bring legal action against Plaintiffs to collect on the credit card account.
13. On May 17, 2010, Gurstel filed suit on behalf of Chase in the Yavapai County Superior Court seeking to collect the defaulted credit card

account.

14. During the lawsuit, Plaintiffs and Gurstel reached a settlement and entered into a stipulated judgment. (Copy attached as Exhibit A).

15. Under the stipulated judgment, Gurstel would debit Plaintiffs' bank account in the amount of $862.00 each month beginning on July 10, 2010 and continuing until the total principal amount of $22,942.80 was paid.

16. The stipulated judgment also provided credit for Plaintiffs' prior payment of $2,300.00.

17. Upon information and belief, Gurstel began debiting Plaintiffs' bank account on July 10, 2010 and continued to do so through July 10, 2012.

18. Upon information and belief, Gurstel debited Plaintiffs' bank account each and every month in the amount of $862.50, rather than the agreed upon amount of $862.00.

19. Upon information and belief, immediately prior to each debit, Gurstel mailed Plaintiffs a "Payment Reminder" notice notifying them of the upcoming debit for the month.

20. On or about July 2, 2012, Gurstel sent Plaintiffs a "Payment Reminder" stating that the amount of $399.80 would be debited from Plaintiffs' bank account on July 10, 2012. (Copy attached as Exhibit B).

21. On or about July 10, 2012, Gurstel generated a check in the amount of $862.50, rather than the $399.80 noticed in its letter, and withdrew $862.50 from Plaintiffs' bank account on July 12, 2012. (Copy of check attached as Exhibit C).

22. No further debits were made to Plaintiffs' bank account.

23. On or about January 8, 2013, Gurstel sent Plaintiff Kristen Graham a letter stating that a Satisfaction of Judgment was enclosed, and that the judgment had been fully satisfied, but no satisfaction of judgment was enclosed with the letter.

24. Within the year immediately prior to the filing of this action, upon information and belief, Gurstel withdrew more money from Plaintiffs' bank account that authorized by the stipulated judgment entered into by the parties in July 2010.

25. As a result and proximate cause of Defendant's actions as set forth herein, Plaintiffs have suffered actual damages.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

26. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

27. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f(1), and 1692f(2).

28. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

1      c)      Costs and reasonable attorney's fees pursuant to the FDCPA; and

2      d)      Such other relief as may be just and proper.

4      DATED  April 3, 2013 .

                     s/ Floyd W. Bybee
                     Floyd W. Bybee, #012651
                     **BYBEE LAW CENTER, PLC**
                     90 S. Kyrene Rd., Ste. 5
                     Chandler, AZ 85226-4687
                     Office: (480) 756-8822
                     Fax: (480) 302-4186
                     floyd@bybeelaw.com

                     Attorney for Plaintiffs